IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA M. HILL,  )
    Plaintiff,  )
      )
vs.  ) Civil Action No. 13-1604
      ) Judge Fischer
JAMES BARNACLE, et al.  ) Magistrate Judge Mitchell
    Defendants.  )

AMENDED REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

II.    Report

Plaintiff, Donna M. Hill, has submitted a civil rights action pursuant to 28 U.S.C. § 1983, which she has been granted leave to proceed in forma pauperis. In the complaint, she alleges that when the defendants, who are state correctional officers, suspended her privilege to visit her incarcerated husband, Dwayne Hill, they engaged in retaliation "in violation of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and her marital communications privilege." (Compl. at 1.) She "also alleges the torts of neglect and mental anguish." For the reasons that follow, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).[1]

Facts

Plaintiff is a United States citizen and a resident of the Commonwealth of Pennsylvania.

---

[1] On December 23, 2013, a Report and Recommendation was filed (ECF No. 5), recommending that the complaint be dismissed and on January 14, 2014, and order was entered (ECF No. 6) adopting the R&R as the opinion of the Court. However, on that same date, Plaintiff filed objections (ECF No. 7) and Judge Fischer vacated the order (ECF No. 8). The undersigned has vacated the original R&R and this Amended Report and Recommendation supersedes it.

Her husband, Dwayne Hill, is an inmate currently incarcerated at SCI Houtzdale and she also indicates that her daughter is serving a life sentence in prison as well. (Compl. ¶¶ 3-4.) She alleges that she received reports from her husband that he had been sexually fondled by an officer and his complaints about this abuse were rejected; that she received correspondence from him that the mental health unit stopped giving him medication and stopped seeing him for counseling sessions; that they removed him from Z-code (single cell) status after he had been living in a single cell for approximately 20 years; that when they put him in a double cell he could not handle it and set a mattress on fire, which resulted in him being sent to the Restricted Housing Unit (RHU); that in response, she conducted a letter campaign, writing to various news media outlets, state law makers and prison officials out of concern for her husband's health and safety; that she received a report that he had been assaulted by staff on April 5, 2012 and later that month she received reports that he was being denied mental health treatment; that most of his personal property had been confiscated or stolen by staff; that he was held in a stripped cell for almost a month and denied all hygiene practices, that staff had been spitting in his food and had placed disinfectant in his food and denied him medical treatment based on attempts at acute poisoning, but when he filed a grievance, they twisted his words around and denied it; that she traveled to SCI Houtzdale on April 12, 2012 to visit him only to be informed that her visiting privileges were suspended and was told to leave without explanation; that a week later she received correspondence from Glunt stating that her privileges were revoked pending an investigation by Captain Brumbaugh; that she learned through other correspondence that her mail privileges had been suspended as well; that on June 19, 2012, she filed a "writ of mandamus" in the Commonwealth Court seeking an order directing Defendants to explain her suspension and return or deliver her mail; that four days later she received correspondence from

Glunt stating that her visiting privileges had been suspended indefinitely; that Defendants gave no reason for their actions; that on July 17, 2012, she wrote to Glunt asking him a reason for her suspension; that on July 30, 2012, Glunt responded that her actions and support of her husband's behavior posed a threat to the safety and security of the facility, but they did lift the visiting ban regarding visits with her daughter, stating that she had a continued positive adjustment. (Compl. ¶¶ 10-21 & Exs. 2-12.)

Prior Cases

On August 10, 2012, Plaintiff submitted an application to proceed in forma pauperis in a case which was docketed at Civ. A. No. 12-1145, Hill v. Barnacle. The motion to proceed IFP was granted on August 13, 2012 and the complaint was filed that same day (ECF No. 3). The complaint alleged that the defendants violated her First Amendment right to intimate association by suspending her visitation privileges in retaliation for her investigation and complaints about her husband's treatment; that they violated her right to be free from cruel and unusual punishment; and that they violated her property interest in her mail. On November 6, 2012, the defendants filed a motion to dismiss (ECF No. 13), in which they argued that the Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971), because Plaintiff had pending a petition for review in the Commonwealth Court.[2] Plaintiff filed her brief in opposition on December 4, 2012 (ECF No. 19). On January 3, 2013, a Memorandum and Order was entered (ECF No. 20), granting the motion to dismiss on the ground of Younger abstention. Plaintiff filed a notice of appeal (ECF No. 21), but on May 17, 2013, the Court of

---

[2] A review of state court docket sheets reveals that the Commonwealth Court case, No. 419 MD 2012, concluded on April 9, 2013 when the court granted the defendants' preliminary objections. Thereafter, Plaintiff filed an appeal, docketed in the Pennsylvania Supreme Court at No. 35 MAP 2013. On November 20, 2013, the Pennsylvania Supreme Court entered an order affirming the Commonwealth Court's decision. The Commonwealth Court decision is quoted below.

Appeals affirmed the judgment of this Court (ECF No. 24).

Meanwhile, on November 20, 2012, Plaintiff initiated a second case, <u>Hill v. Pennsylvania Department of Corrections</u>, docketed at No. 12-1697, which purported to raise civil rights claims under 42 U.S.C. § 1983 against the defendants for alleged violations of Dwayne Hill's Eighth and Fourteenth Amendment rights, as well as state law claims of negligence and mental anguish. On November 28, 2012, a Report and Recommendation was filed (ECF No. 3), recommending that the complaint be dismissed for lack of standing. The Court concluded that Plaintiff had no right to bring claims on behalf of her husband as she had not been appointed his legal representative and, in any event, claims on behalf of another individual must be presented by counsel. Plaintiff filed objections (ECF Nos. 4, 5), but on December 18, 2012, the Court entered an order adopting the R&R and dismissing the case (ECF No. 6). Again, Plaintiff filed a notice of appeal (ECF No. 7), but on April 25, 2013, the Court of Appeals affirmed the judgment of this Court (ECF No. 10).

Procedural History

Plaintiff filed a motion to proceed in forma pauperis on November 7, 2013. The motion was granted on November 8, 2013 and the complaint was filed that same day (ECF No. 3). She invokes § 1983 and alleges "retaliatory suspension of her visiting and mail privileges and the confiscation of her correspondence in violation of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and her marital communications privilege." (Compl. at 1.) She "also alleges the torts of neglect and mental anguish."[3]

Standard of Review

---

[3] There is no such claim as "mental anguish." See <u>Kearney v. JPC Equestrian, Inc.</u>, 2012 WL 1020276, at *7 (M.D. Pa. Jan. 4, 2012). Repeated "neglect" of a child is basis for terminating parental rights. 23 Pa. C.S. § 2511(a)(2). The statute has no applicability here.

4

The in forma pauperis statute states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

    (i) is frivolous or malicious;

    (ii) fails to state a claim upon which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court of Appeals has noted that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)." Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002). Thus, the Court must screen the complaint to determine if it is frivolous or fails to state a claim upon which relief may be granted.

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part

inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted). "Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). "Courts ruling on Rule 12(b)(6) motions may take judicial notice of public records." Anspach ex rel. Anspach v. City of Phila., 503 F.3d 256, 273 n.11 (3d Cir. 2007). Thus, the documents that Plaintiff has attached to her Complaint and the decision of the Commonwealth Court, a public record, may be considered in determining whether Plaintiff has stated a claim upon which relief may be granted.

Retaliation Claims

The Court of Appeals has held that:

> Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529-31 (3d Cir. 2003); Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 224-26 (3d Cir. 2000). To state a claim for retaliation, a plaintiff must allege that: (1) he was engaged in constitutionally protected conduct, (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action. Rauser, 241 F.3d at 333.

Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012) (footnote omitted). "[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if

6

motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah, 229 F.3d at 224-25 (citation omitted). See Cooper v. Hoover, 2006 WL 3544711, at *2 (M.D. Pa. Dec. 8, 2006) (inmate who alleged he was denied visits from his daughter in retaliation for challenging his sentence and filing grievances stated a claim under the First Amendment). Although Plaintiff is not a prisoner, the Supreme Court has observed that its case law in this area "involved regulations that affected rights of prisoners and outsiders." Thornburgh v. Abbott, 490 U.S. 401, 410 n.9 (1989).

As noted above, Plaintiff filed a petition for review in the Pennsylvania Commonwealth Court and on April 9, 2013, that court granted the defendants' preliminary objections and dismissed the case. This Court can review the Commonwealth Court's decision, which is a matter of public record.

The court indicated that it was treating the matter as a petition for review addressed to its original jurisdiction. It then stated that the record showed that by letter dated April 12, 2012, the Department of Corrections told Plaintiff that her visiting privileges were being suspended indefinitely due to a pending investigation and that she asserted that her privileges were suspended indefinitely on June 26, 2012 in retaliation for her exercise of free speech and in violation of her right to due process.

After rejecting Plaintiff's due process claim on the ground that she had no constitutional right to visitation, the court turned to her retaliation claim. It recited the three elements for such a claim as cited above and said:

> Hill's amended petition fails to satisfy any of the requirements of [a] retaliation claim. Hill alleges that her complaints regarding the suspension of visiting privileges and the filing of suit against the Department were the constitutionally protected activities. This allegation is nonsensical as the suspension was instituted prior to Hill's alleged engagement in protected activity. Thus, the Department's suspension of visiting privileges and confiscation of mail

7

could not be construed as retaliatory acts.

Hill v. Commonwealth of Pa., Dep't of Corrections, No. 419 M.D. 2012, at 4 (Pa. Commw. Apr. 9, 2013), aff'd, No. 35 MAP 2013 (Pa. Nov. 20, 2013).

Plaintiff now comes to this Court presenting the very same retaliation claim that she presented to the Commonwealth Court and which that court rejected as nonsensical. For the same reasons, this Court can conclude that Plaintiff cannot state a claim upon which relief may be granted: she alleges that her complaints regarding the suspension of visiting privileges and the filing of suit against the Department were the constitutionally protected activities, but the suspension was instituted prior to her alleged engagement in protected activity and thus, the Department's suspension of visiting privileges and confiscation of mail could not be construed as retaliatory acts.[4]

In addition, the Court observes that, in the letter dated July 30, 2012 (submitted by Plaintiff as an exhibit to her Complaint), Superintendent Glunt wrote as follows:

> As previously indicated, your actions and support of your husband's behavior poses a threat to the safety and security of this facility. Serious staff injury resulted. In accordance with DC-ADM 812, Section 1.B.8, your visiting privileges have been suspended indefinitely. You may view this policy on our public website at www.cor.state.pa.us.
>
> You have been suspended indefinitely on prior occasions and have been reinstated, only to return to behavior that poses a threat to the safety and security of the facility that houses your husband. The broad discretion shown by reinstating your visiting privileges has not yielded the expected positive results. As such, the suspension will continue.

(Compl. Ex. 12.) Given Plaintiff's well-documented history of having her visiting privileges suspended and reinstated and Superintendent Glunt's notice to her that her actions and support of

---

[4] Indeed, if Plaintiff is invoking this Court's jurisdiction to review unfavorable state-court judgments, then such suit would be barred by the Rooker-Feldman doctrine. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

her husband's behavior posed "a threat to the safety and security of this facility," she cannot state a claim that the most recent suspension, which began April 12, 2012, was taken in retaliation for her protected activity of complaining about the suspension.

For these reasons, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Plaintiff must seek review by the district judge by filing objections by March 5, 2014. Failure to file timely objections will waive the right of appeal.

    Respectfully submitted,

    s/Robert C. Mitchell
    ROBERT C. MITCHELL
    United States Magistrate Judge

Dated: February 19, 2014

cc:    Donna M. Hill
      348 Country Club Road
      Apt. 2
      Washington, PA 15301-2712