IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA M. HILL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1604 |
| | ) | |
| JAMES BARNACLE, et al., | ) | |
|     Defendants. | ) | |

O R D E R

On August 17, 2016, the Plaintiff, Donna Hill, filed a motion for recusal (ECF No. 56). She argues that the undersigned should recuse from this case for having "abused his discretion and inappropriately resolved genuine issues of material fact, in favor of the defendants, in all of his reports and recommendations, as evident by the Third Circuit Court's reversal and remand in both cases." (Id. at 1.) In a declaration attached to the motion, Plaintiff asserts that the undersigned: "resolved genuine issues of material fact in favor of the defendants;" "acted as an investigator for the defense … and antagonized the plaintiff with multiple recommendations for dismissal." (Id. at 4.)

Specifically, she refers to the following sequence of events: Plaintiff filed this action in conjunction with a request to proceed in forma pauperis; the undersigned recommended that this case be dismissed upon an initial screening pursuant to 28 U.S.C. § 1915(e)(2)(ii); the recommendation was adopted by the district judge and the case was dismissed; Plaintiff appealed the dismissal of her action and the Court of Appeals for the Third Circuit vacated and remanded; the defendants filed a motion to dismiss and the undersigned recommended that the motion be granted; the recommendation was adopted by the district judge and the case was dismissed; and Plaintiff appealed and the Court of Appeals again vacated and remanded the case to this Court.

The United States Code provides that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "When a party does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a 'deep-seated' or 'high degree' of 'favoritism or antagonism that would make fair judgment impossible.'" United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting Liteky, 519 U.S. at 555-56). See Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013) (district judge who called Knoll's case "silly" and characterized her motion for a new trial as "patently frivolous" was not required to recuse himself).

Plaintiff does not cite to extrajudicial sources, nor does she point to instances of opinions revealing a deep-seated or high-degree of favoritism or antagonism. Plaintiff's motion is based solely on the fact that two Reports and Recommendations recommending the dismissal of this action (which were both reviewed de novo and adopted by a district judge) were ultimately reversed on appeal by the Court of Appeals. But "adverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias." Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015). On the contrary: "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Liteky, 510 U.S. at 551. Therefore, her motion for recusal will be denied.

Since this case was remanded from the Court of Appeals, several notices have been sent to Plaintiff at her address of record in Washington County. It appears that she no longer lives at this address and a review of the Third Circuit's docket reveals that notices were sent to her at a different address in the City of Pittsburgh. Out of an abundance of caution, notices have been sent to her at both addresses. However, she has not officially apprised this Court of her new address.

AND NOW, this 18th day of August, 2016,

IT IS ORDERED that Plaintiff's motion for recusal (ECF No. 56) is denied.

IT IS FURTHER ORDERED that, if appropriate, Plaintiff shall file a Notice of Change of Address, addressed to: Clerk's Office, United States District for the Western District of Pennsylvania, Suite 3110, United States Courthouse, 7th Avenue and Grant Street, Pittsburgh, PA 15219.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Donna Hill
348 Country Club Road
Apt. 2
Washington, PA 15301

Donna Hill
1110 Steuben Street
Apt. 213
Pittsburgh, PA 15220