# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA M. HILL, | ) |
| Plaintiff, | ) ) ) Civil Action No. 13-1604 |
| v. | ) ) Hon. Nora Barry Fischer |
| JAMES BARNACLE, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Donna M. Hill filed this pro se civil rights action against Defendants James Barnacle, Steven Glunt, David Close, Kenneth R. Hollibaugh, Captain Brumbaugh, and Heather Moore on November 7, 2013, (Docket No. 1), and the case was assigned to United States Magistrate Judge Robert C. Mitchell in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule of Civil Procedure 72.G. Magistrate Judge Mitchell issued an order on August 18, 2016, denying Plaintiff's Motion for Recusal. (Docket No. 57). On September 13, 2016, Plaintiff filed objections to the order, (Docket No. 63), which the Court interprets as an appeal. After an independent review of Plaintiff's Motion for Recusal, (Docket No. 56), Magistrate Judge Mitchell's order denying the motion, (Docket No. 57), and Plaintiff's appeal, (Docket No. 63), Plaintiff's appeal [63] is DENIED.

By way of background, Magistrate Judge Mitchell recommended that Plaintiff's Complaint be dismissed as barred by the doctrine of res judicata in his February 19, 2014, Amended Report and Recommendation, (Docket No. 11), which this Court adopted on March 19, 2014, (Docket No. 16). On appeal, the United States Court of Appeals for the Third Circuit vacated the Court's Order and remanded the matter for further proceedings. (Docket No. 21).

1

Following further proceedings, Magistrate Judge Mitchell again recommended that Plaintiff's Complaint be dismissed, finding that she had failed to state a retaliation claim and that her state law claims were barred by sovereign immunity, in his September 3, 2015, Report and Recommendation. (Docket No. 40). This Court adopted the Report and Recommendation on October 28, 2015. (Docket No. 45). On appeal, the Third Circuit affirmed in part and vacated in part the Court's Order, concluding that Plaintiff had stated a retaliation claim but otherwise affirming the Court's decision. (Docket Nos. 50, 50-1). The matter was remanded for further proceedings. (*Id.*).

In her appeal, Plaintiff argues that Magistrate Judge Mitchell has acted in the capacity of an investigator to Defendants. (Docket No. 63 at 2). Plaintiff emphasizes that two of Magistrate Judge Mitchell's recommendation were vacated by the Third Circuit and asserts that he has "assessed credibility, investigated affirmative defenses, weighed evidence[,] and drew inferences in [Defendants'] favor." (*Id.* at 1-2). Plaintiff further contends that Magistrate Judge Mitchell's "has no interest" in adjudicating this matter because "[his] mind is already made up regarding the merits." (*Id.* at 3).

Plaintiff states that her appeal is based upon 28 U.S.C. §§ 144 and 455. (*Id.* at 2). Section 144 requires federal district court judges to recuse if a party timely files a sufficient affidavit, setting forth factual statements showing that the judge has personal bias or prejudice against a party. 28 U.S.C. § 144. An affidavit that sets forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144. *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009). Section 455, which applies regardless of whether a party files a formal motion and affidavit for recusal, requires recusal when a judge's impartiality

"might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1).

The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). The bias required before recusal is warranted under either § 144 or § 455 "must stem from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 544, 559 (1994). Moreover, the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000). The Third Circuit has also emphasized that disqualification and recusal should not be methods of "judge shop[ping]." *In re Earl A. Pondexter*, 537 Fed. App'x 15, 15 (3d Cir. 2013). Further, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." *Atwell v. Schweiker*, 274 F. App'x 116, 117 (3d Cir. 2007).

Applied to this case, Plaintiff has not met the standard for recusal under either § 144 or under § 455. First, under § 144, although Plaintiff attached a document titled "Declaration of Donna Hill" to her Motion for Recusal, it is a conclusory in nature. Specifically, Plaintiff merely avers that Magistrate Judge Mitchell "[r]esolved genuine issues of material fact in favor of [Defendants]," "acted as an investigator for the defense," and "antagonized [her] with multiple recommendations for dismissal." (Docket No. 56 at 4). Such conclusory assertions do not trigger recusal under § 144. *Hill*, 323 F. App'x at 170.

Second, recusal is not required under § 455's objective standard. Plaintiff raises no allegations of bias that have an extrajudicial source, and also fails to assert facts indicating that Magistrate Judge Mitchell holds a deep-seated antagonism that would prevent fair adjudication. *Atwell*, 274 F. App'x at 117. Regarding Plaintiff's assertion that Magistrate Judge Mitchell should be recused because two of his recommendations "were reversed and remanded by the Third Circuit," (Docket No. 63 at 1), it is well settled that "adverse rulings — even if they are erroneous — are not in themselves proof of prejudice or bias," *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 330 (3d Cir. 2015). Indeed, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant," in part because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 551, 555. Plaintiff's allegations of bias are meritless and her appeal [63] is denied. *See, e.g.*, *Knoll v. City of Allentown*, 707 F.3d 406, 411 (3d Cir. 2013) (holding that a decision calling the matter a "silly case" and a motion "patently frivolous" was insufficient to support a claim of bias); *Francis v. Joint Force Headquarters Nat'l Guard*, No. 05-CV-4882, 2009 U.S. Dist. LEXIS 2755, at *3-4, 11-13 (D.N.J. Jan. 12, 2009) (in a matter where the court was reversed by the Third Circuit, finding that recusal was unwarranted).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's appeal [63] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: September 15, 2016

cc/ecf: Magistrate Judge Robert C. Mitchell

All counsel of record

Donna M. Hill
1110 Steuben St.
Apt. 213
Pittsburgh, PA 15220