IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA M. HILL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1604 |
| | ) | |
| JAMES BARNACLE, et al., | ) | |
|     Defendants. | ) | |

O R D E R

On February 9, 2017, the Plaintiff, Donna Hill, filed a motion for recusal (ECF No. 82). This is the third such motion Plaintiff has filed in this case. See ECF No. 14 (arguing that the undersigned should recuse because, upon initial screening, a recommendation was made that the case should be dismissed for failure to state a claim upon which relief could be granted); ECF No. 56 (arguing that the undersigned should recuse because of alleged "zealous investigation into the history of this case's state court proceedings.")

The United States Code provides that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "When a party does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a 'deep-seated' or 'high degree' of 'favoritism or antagonism that would make fair judgment impossible.'" United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting Liteky, 519 U.S. at 555-56). See Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir.

2013) (district judge who called Knoll's case "silly" and characterized her motion for a new trial as "patently frivolous" was not required to recuse himself).

Plaintiff does not cite to extrajudicial sources, nor does she point to instances of opinions revealing a deep-seated or high-degree of favoritism or antagonism. Plaintiff's latest motion is based on her contention that the undersigned "coached" the Defendants to assert a defense of privilege in response to her discovery requests by ordering that they provide her with "all relevant, non-privileged information," after which they asserted privilege for the first time.

The Federal Rules of Civil Procedure provide that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery needs not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Thus, this Court did not "coach" Defendants to claim privilege; rather privileged matter is always outside the scope of discovery by definition. Although Plaintiff may disagree with this Court's order, such disagreement does not provide a basis for recusal. Therefore, her motion for recusal will be denied.

The Local Rules of this Court provide that "each motion and each brief shall be a separate document." LCvR 5.1(F). In contravention of this Rule, Plaintiff continually submits documents entitled "Brief in Support of X" without submitting the underlying motion in a separate document. The Clerk's Office is then required to construe her "brief" as the "motion" and docket

the item twice to bring it into conformity with the Rule. Even though she is proceeding pro se, Plaintiff is still required to follow the Rules of this Court.

AND NOW, this 10th day of February, 2017,

IT IS ORDERED that Plaintiff's motion for recusal (ECF No. 82) is denied.

IT IS FURTHER ORDERED that, in any future motions the Plaintiff intends to file, she shall submit a separate motion and brief as required by Local Rule 5.1(F).

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Donna Hill
1110 Steuben Street
Apt. 213
Pittsburgh, PA 15220