IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA M. HILL, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:13-cv-1604 |
| v. | ) Honorable Nora Barry Fischer |
| | ) |
| JAMES BARNACLE, et al. | ) ELECTRONICALLY FILED |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

AND NOW, this 30th day of July, 2021, upon consideration of Plaintiff's Objections to Defendants' Proposed Exhibits, (Docket No. 191), and Defendants' Response thereto, (Docket No. 188), as well as the arguments made by counsel at oral argument,

IT IS HEREBY ORDERED, for the reasons that follow, that said objections are OVERRULED.

The exhibits in question all concern the misconduct history Dwayne Hill ("Mr. Hill"), who is the husband of Plaintiff Donna Hill ("Mrs. Hill"). Defendants' proposed Exhibit H is a master list of all of Mr. Hill's misconducts, dating back to 1997. The Court has already issued an Order, (Docket No. 217), requiring Defendants to redact proposed Exhibit H so that the jury will not be made aware of any misconducts Mr. Hill incurred after the reinstatement of Mrs. Hill's visitation rights. However, Mrs. Hill further objects to Proposed Exhibit H based on a lack of relevance and the potential for this document to cause prejudice, confuse of the issues, or mislead the jury. (Docket No. 191). She seeks to have proposed Exhibit H further redacted so that only those misconducts which specifically relate to her suspension in 2012 are put before the jury. (*Id.*). Defendants respond

that the entirety of Mr. Hill's record of misconducts is referenced in the Brumbaugh Report and was considered by the Defendants when making the decision to suspend Mrs. Hill. (Docket No. 188). Defendants argue that the exclusion of such evidence would prejudice their defense, as they must be able to refer to the documents which informed their decision in proving that they did not act with a retaliatory purpose. (*Id.*).

In this Court's estimation, this case turns on the question of whether Defendants acted with a retaliatory purpose in suspending Mrs. Hill, or if their actions were "reasonably related to legitimate penological interests." *See Pfender v. Secretary Pennsylvania Dept. of Corrections,* 443 Fed.Appx. 749, 752 (3d Cir. 2011) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Because proposed Exhibit H was relied upon by Defendants when making their decision to suspend Mrs. Hill, it is relevant to their efforts to prove that they acted in furtherance of legitimate penological interests. Fed. R. Evid. 401; 402. Given this document's stated relevance to the ultimate question in this matter, this Court does not believe that its probative value is significantly outweighed by its potential for unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. As such, Mrs. Hill's objection to proposed Exhibit H is overruled and the same will be admissible at trial, subject to the limitations previously stated in this Court's May 19, 2021 Order. (Docket No. 217).

Mrs. Hill also objects to Defendants' proposed Exhibits J and K, which are misconduct reports relating to incidents wherein she was accused of breaking visitation rules by engaging in sexual acts with Mr. Hill. In addition to denying the veracity of such reports, Mrs. Hill raises relevance, prejudice, and hearsay objections to both documents. (Docket No. 191). Defendants respond that such documents are relevant to the ultimate issues in this case because they are evidence of the non-retaliatory reasons for Mrs. Hill's suspension. (Docket No. 188). Additionally,

Defendants content that the documents are not subject to a hearsay objection because they would not be introduced to prove the truth of the underlying reports (i.e. that sexual acts actually occurred), but instead to show that Defendants had access to these documents and relied upon the same in making their decision. (*Id.*).

Defendants points are well-taken. While the merits of the sexual acts suspension are not the subject of this case, the Defendants are entitled to try to prove that the reports resulting therefrom formed part of the basis of their decision to suspend Mrs. Hill. Indeed, even Defendants' mistaken reliance on an erroneous report when deciding to suspend Mrs. Hill would be a defense to Mrs. Hill's claim that they acted with retaliatory intent in suspending her visitation rights; for Defendants are not being sued for relying on erroneous information in making their decision, they are being sued for acting purposefully to retaliate against Mrs. Hill based on her years of advocacy and litigation against the DOC. As such, the Court finds that Defendants' proposed Exhibits J and K are relevant to the ultimate issues in this case, and that Defendants intend to introduce the same for a non-hearsay purpose. Fed. R. Evid. 401; 402; 801. Given the stated relevance of these documents, the Court does not believe that the dangers of unfair prejudice, confusion of the issues, or misleading the jury substantially outweigh the probative value of such evidence. Fed. R. Evid. 403. Accordingly, Defendants' proposed Exhibits J and K are admissible at trial, and Mrs. Hill's objections thereto are overruled.

      *s/Nora Barry Fischer*
      Nora Barry Fischer
      Senior U.S. District Judge

cc/ecf:  All counsel of record